UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bennie Darren Mitchell, ) | C/A No. 8:11-3361-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Desiree R. Allen; and Joy E. Holston, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Bennie Darren Mitchell, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the McCormick Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that the Defendants failed to produce a completely accurate trial transcript, which violates his rights under the First, Fifth, Eighth, and Fourteenth Amendments. The Complaint seeks costs of this lawsuit and injunctive relief.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even



when considered under this less stringent standard, however, the undersigned finds and concludes that the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff files this § 1983 action against a state court reporter and the court reporter's supervisor, claiming that the Defendants failed to produce a completely accurate trial transcript of Plaintiff's criminal trial, resulting in violation of Plaintiff's rights under the First, Fifth, Eighth, and Fourteenth Amendments. ECF No. 1. Plaintiff alleges he requested that Defendant Holston, the court reporter, correct some inaccuracies in the transcript of his criminal trial, but that she only made some modifications, and refused to make all of the alleged corrections to the transcript. Several of the requested modifications are omissions of information that Plaintiff recalls from the proceeding. ECF No. 1-1. Plaintiff further claims that he informed Defendant Allen, who supervises Defendant Holston, of the inaccuracies in the transcript, but that Allen failed to have the transcript corrected and failed to adequately train or supervise Defendant Holston. The Complaint seeks costs of suit and injunctive relief.

Additionally, Plaintiff has filed a motion for a preliminary injunction and temporary restraining order "enjoining" the Defendants "from altering my trial transcript and tape of said trial," as well as to "produce an unedited trial transcript and tape." ECF No. 2.

## Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983, which "'is not itself



2

a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Both Defendant Holston, as a state court reporter, and Defendant Allen, as the supervisor of state court reporters, are "state actors" amenable to suit under § 1983.  *See Antoine v. Byers & Anderson*, 508 U.S. 429, 437, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993) (rejecting absolute immunity for court reporters).  However, although not subject to absolute immunity from suit, "innocent errors, even if negligent" do not subject court reporters to liability under § 1983.  *See Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006), citing *Daniels v. Williams*, 474 U.S. 327, 330 (1986) (section 1983 claims cannot be founded on negligence).  Further, while some courts have recognized a § 1983 claim based on the *deliberate* actions of court reporters in not producing transcripts; *see McCullough v. Norton*, 69 F.3d 918, 919 (8th Cir.1995) (claim that court reporter failed to provide inmate with transcript of criminal trial was not frivolous); *Gagan v. Norton*, 35 F.3d 1473, 1476-77 (10th Cir.1994) (claim that court reporters refused to prepare transcripts); Plaintiff's claims here arise from allegations that the Defendants failed to provide him with a *completely accurate* transcript of his criminal trial.

However, a plaintiff "does not have a constitutional right to a totally accurate transcript of his criminal trial."  *Tedford v. Hepting*, 990 F.2d 745, 747 (3rd Cir.1993). *See also Hampton v.*



3

*Segura*, No. 07-60603, 2008 WL 1902458 at *2 (5th Cir. April 30, 2008); *Brown v. New Mexico District Court Clerks*, No. 97-2044, 1998 WL 123064 (10th Cir. March 19, 1998).  In addition, a plaintiff's constitutional rights are violated "only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding" or "adversely affected appellate review in the state courts." *Tedford v. Hepting*, 990 F.2d at 747. *See also Colyer v. Ryles*, 827 F.2d 315, 316 (8th Cir.1987) (civil complaint for damages frivolous where plaintiff was not prejudiced by allegedly altered transcript). Plaintiff has not alleged that any of the purported inaccuracies in his transcript prejudiced him in either his criminal hearing or his subsequent appeal.  To the contrary, Plaintiff indicates that his criminal case is on appeal and the alleged inaccuracies in the state trial transcript are not relevant to the appellate review.  ECF No. 1 at 5, 9.  Hence, as Plaintiff's claims regarding the alleged inaccurate transcript do not establish violation of a federal right, the Complaint is insufficient to state a claim under § 1983, and is subject to dismissal.  *See Grate v. Babb*, C/A No. 4:08-3626-HMH-TER, 2010 WL 4000465 (D.S.C. Sept. 20, 2010); *Martin v. Brackett*, C/A No. 9:09-792-RBH, 2009 WL 3836123 (D.S.C. Nov. 13, 2009); *Curry v. Watkins*, C/A No. 3:08-2644-JFA, 2008 WL 4442598 (D.S.C. Sept. 25, 2008).

With respect to Plaintiff's motion for preliminary injunction and temporary restraining order claiming irreparable harm if he is not granted immediate injunctive relief to enjoin the Defendants from "altering" his criminal trial transcript and tape, as well as to compel the Defendants to "produce an unedited trial transcript and tape," to qualify for injunctive relief, a plaintiff must show (1) likelihood he will succeed on the merits; (2) likelihood he will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in his favor; and (4) that the injunction is in the public interest.  *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *Real Truth About Obama v. FEC*, 575 F.3d 342, 346 (4th Cir.2009), vacated on other grounds, 558 U.S. ---,

4



130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). Plaintiff is unable to establish the first prong showing a likelihood that he will succeed on the merits, because the Complaint fails to state a claim. Therefore, Plaintiff's motion for injunctive relief should be denied.

## Recommendation

Accordingly, it is recommended that the Court **deny** Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. It is also recommended that the Court **dismiss** the Complaint *without prejudice* and without service of process.

_____
Bristow Marchant
United States Magistrate Judge

January 17, 2012
Charleston, South Carolina

**The Plaintiff's attention is directed to the notice on the following page.**



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

